## McCaffrey *v.* Gibney, Appellant.

*Orphans' court sales—Sale by guardian—Mistake—Sale to bar contingent remainders—Correction of mistake.*

Where a guardian makes a private sale of real estate under an order of court on a mistaken belief of all parties that he could convey an absolute estate to the purchasers, the orphans' court has jurisdiction, five years thereafter, when it is made to appear that there were contingent remainders and executory devises affecting the title, to direct a second sale by a trustee appointed by the court, to the same purchaser and for the same price, and to make conveyance of the real estate free and divested of all contingent remainders and executory devises, and to hold the proceeds for the purposes stated in the will of the decedent.

Argued Nov. 3, 1908. Appeal, No. 236, Oct. T., 1908, by defendant, from order of C. P. No. 4, Allegheny Co., Fourth Term, 1908, No. 222, making absolute rule for judgment for want of a sufficient affidavit of defense in case of James F. McCaffrey v. C. A. Gibney. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Assumpsit to recover a balance of purchase money on sale of real estate.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear by the opinion of the Supreme Court.

The court entered judgment for $6,375.60 against defendant for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*James R. Dunn,* for appellant.—The interest acquired was the interest of the minors only, and the oversight in leaving out of consideration the interest of the contingents was a very material mistake, and the subsequent attempt to acquire same is too great a departure from the form of the proceedings to allow any so-called confirmation.

In order that contingent remainders may be barred by a sale under the Price act, it is a condition precedent that the petition

shall set forth such contingent remainder and that it is the purpose of said proceeding to bar the same: Smith v. Townsend, 32 Pa. 434; Westhafer v. Koons, 144 Pa. 26.

*John E. McCalmont,* with him *Henry A. Davis,* for appellee. —A decree for the sale of real estate having been made, can either be ratified or confirmed, vacated or disapproved, if the court has all the parties interested in the property before it. The power given to a court to order a sale includes a power to ratify a sale already made, and jurisdiction attaches when the court makes a decree of sale: Mussleman's Appeal, 65 Pa. 480; Bell's Appeal, 71 Pa. 465; Gilmore v. Rodgers et al., 41 Pa. 120; Postlethwaite's App., 68 Pa. 477; Smith v. Townsend, 32 Pa. 434; Westhafer v. Koons, 144 Pa. 26.

OPINION BY MR. JUSTICE POTTER, January 4, 1909:

In this action the plaintiff sought to recover the balance of the purchase money for certain real estate sold under an article of agreement. Defense was made on the ground that the title offered by defendant was not marketable. From the affidavit of defense filed the following facts appear:

John J. McCaffrey died on March 23, 1900, leaving a widow and four minor children. An undivided one-eighth interest in the real estate in question was vested in him at the time of his death. By his will he gave his entire estate to his wife for life and after her death " to those persons who may then be entitled to take the same as distributees under the intestate law, or as heirs at law under the laws of the state of Pennsylvania." M. B. Johnson was appointed guardian of the minor children of John J. McCaffrey, and on August 24, 1900, presented a petition to the orphans' court averring that McCaffrey had devised all his estate to his wife for life, and upon her death to her children, and praying for an order to sell the real estate here in question at private sale to purchasers, and for a price named ; the proceeds of such sale to be substituted for the real estate and invested for the benefit of the widow, according to the provisions of the will. The court made the order prayed for, a bond was filed by the guardian, the money paid by the purchasers and a deed executed and delivered to

them by the guardian, the widow at the same time releasing her interest to the purchasers.

On July 21, 1905, M. B. Johnson filed a supplemental petition in which the surviving brothers and sisters of John J. McCaffrey joined, as did his nephews and nieces in esse, by their guardian, in which it was set forth that in and by the former proceeding the guardian of the minor children of John J. McCaffrey, and the widow, intended to convey an absolute estate to the purchasers; but that the grantees have been advised that the will of John J. McCaffrey created contingent remainders and executory devises, which were not affected by the former decree of the orphans' court, or by the sale and conveyance made thereunder. The petitioners therefore prayed that the former order of sale be vacated, and that a decree be made nunc pro tunc as of August 4, 1900, authorizing a trustee to be named "to make sale and conveyance of the said real estate, free and divested of all contingent remainders and executory devises limited in said will," to the same purchasers and for the same price as set forth in the original petition; and that the proceeds be taken and held by the trustee according to the terms of the will. Upon the filing of this petition, the court appointed a trustee to represent the interests in posse, who subsequently filed a paper consenting to and joining in the prayer of the petition. On July 31, 1905, the court made the decree prayed for, appointing M. B. Johnson, who as guardian was the original petitioner, trustee to make the sale. Subsequently Johnson, on his own petition, was relieved of the duties of trustee, and William A. McCaffrey was appointed trustee in his place.

The court below was of the opinion that under the facts set forth the orphans' court had jurisdiction to act upon the supplemental petition, and to vacate its original decree, and to enter the second decree nunc pro tunc, and that the facts set up in the affidavit of defense did not in any way render the title to the real estate unmarketable. The soundness of this conclusion is the only question raised by this appeal. The power of the orphans' court upon a proper petition to authorize a sale that will pass title to the real estate free and discharged of contingent remainders and executory devises, is not questioned. And under the Act of April 13, 1854, P. L. 368,

sec. 3, it has also full power to confirm and ratify a sale made without precedent authority. Why should it not then accomplish the same end, as in this case, by allowing a supplemental petition to be filed, vacating the original decree, and entering another decree nunc pro tunc? It would hardly seem that authority need be sought to justify action so plainly proper. But if we turn to Nimick's Estate, 179 Pa. 591, we find that an error in a deed made by a trustee, under an order of the orphans' court, was upon petition corrected by the court more than eight years later. And in Johnson's Appeal, 114 Pa. 132, it was held, as is set forth in the syllabus, that " the orphans' court has jurisdiction to enter a decree vacating a private sale made by a guardian under an order of court ordering a reconveyance of the same and directing a restitution of the purchase money for gross mistake—in this case the sale of fifty-two acres for 200 acres—upon the petition of the purchaser, even after the sale is confirmed, the purchase money paid, and the deed executed and delivered, where the rights of third parties have not intervened."

The principle involved is so clearly sound that we have no doubt whatever as to the jurisdiction of the orphans' court exercised in the present case, upon the supplemental petition. Upon a mistaken presentation of the facts, the first order authorizing the sale by the guardian was made. When the wrong done to the purchasers became manifest and was shown to the court, its action in response was only that which right and justice demanded; it proceeded to vacate its former decree in so far as the guardian was concerned, and substituted a trustee to make the sale, as of the same date, and upon the same terms and conditions as the previous sale made by the guardian, and ratified and confirmed the sale. It directed its trustee to hold the purchase money for the same uses and benefits, and for the same persons and estates, as the real estate had been held. We agree with the court below that the averments of the affidavit of defense were insufficient to render the title to the real estate in question unmarketable; and the judgment is affirmed.