## Strickler's Estate.

Argued April 19, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and HIRT, JJ.

*Ella Graubart,* with her *E. Dale Field,* for appellant.

*William B. Parshall,* with him *Henderson, Parshall & Crow,* for appellee.

OPINION BY STADTFELD, J., June 25, 1940:

This is an appeal from an order refusing to remove a second guardian ad litem appointed to represent interests of minors and unborn children, in the estate of Mary D. Strickler, deceased.

The pleadings in the case consist of a petition for the appointment of a second guardian ad litem, the petition of the first guardian ad litem to remove the second guardian ad litem, and the answer of the second guardian ad litem.

The present appeal is taken by one of the beneficiaries of the estate, Dorothea Miller, from an order by DUMBAULD, J., sitting specially in the Orphans' Court of Fayette County.

On December 26, 1933, the Orphans' Court of Fayette County made an order appointing The Colonial Trust Company in Pittsburgh, guardian ad litem for minors and unborn children in the estate of Mary D. Strickler, deceased. At the time of this appointment, there were two minor beneficiaries—Robert Edward Miller and Edgar Everett Strickler. Nothing in the order limited the appointment to any particular accounting or proceeding.

When the appointment was made, a first account had been filed by the executors of the estate at No. 33 September Term, 1933. Thereafter, the estate was involved in extensive litigation, during which the guardian ad litem took an active part in protecting the interests of its wards. As a result of its efforts, certain claims against the estate were denied. The guardian ad litem was never discharged or removed, and has continued its duties and represented the minors and unborn children in a number of proceedings before the court in this estate. During the last year, two petitions were before the court which were filed by claimants against the estate, and in each The Colonial Trust Company, guardian ad litem, was a respondent.

In September, 1939, a second account was filed by the same fiduciaries, as trustees.

On September 13, 1939, without notice to The Colonial Trust Company or its counsel, a petition was presented to the orphans' court for the appointment of a guardian ad litem and trustee ad litem in connection with this second account and on the same day an order was made appointing John L. Rush guardian ad litem for Edgar Everett Strickler, Jr., Richard Dawson Strickler and Robert Edward Strickler, and trustee ad litem for unborn children.

Since the appointment of The Colonial Trust Company, Robert Edward Miller became of age, and Richard Dawson Strickler and Robert Edward Strickler were born.

When The Colonial Trust Company learned that another guardian ad litem had been appointed, in order to ascertain its duty, it filed a petition to remove John L. Rush on the ground that it had never been removed or discharged, and that there had been no termination of its activity. The court thereupon granted a rule to show cause why the subsequent appointment of John L. Rush as guardian ad litem and trustee ad litem for minors and unborn children should not be set aside. Rush filed an answer to this petition, and, after argument, the court made an order on November 13, 1939, discharging the rule.

At the time of the argument on the petition, exceptions to the second account of the trustees had been filed by the Second National Bank of Uniontown. The bank is a co-executor and trustee of the estate, and in 1934 petitioned to resign, but no order has ever been made relieving it of its duties. It still holds cash in its hands and a mortgage in its name belonging to the estate of the decedent.

It was on the petition of the Second National Bank Rush filed exceptions to the second account as guardian ad litem, he copied verbatim the exceptions filed by the

bank, as was stated and admitted at the argument before this court.

At the suggestion of the court, The Colonial Trust Company also filed exceptions to the second account.

The appellant, Dorothea Miller, one of the beneficiaries of the estate, appeals from the order of the court refusing to set aside the appointment of John L. Rush.

The appointment of The Colonial Trust Company as guardian ad litem was made under the provisions of the Act of June 7, 1917, P. L. 447, §59(k) as amended by the Act of May 6, 1931, P. L. 98, §1 (20 PS §1071), which provides: "In all cases in which proceedings may be had in any orphans' court affecting the interest of a minor, notice of such proceedings shall be given to the guardian of such minor in the same manner as is provided by law in the case of persons of full age. If such minor has no guardian appointed by an orphans' court of this Commonwealth, or by will probated within this Commonwealth, the orphans' court in which such proceedings shall be pending shall appoint a guardian ad litem for such minor, in the same manner as is provided by this act in the case of ordinary application for the appointment of guardians. If such minor or his next friend shall fail or refuse to apply for the appointment of a guardian ad litem, as aforesaid, then such guardian shall be appointed by said court on petition filed by any person interested in such proceedings, or the court may appoint a guardian ad litem without petition. Notice shall be served, as aforesaid, upon such guardian ad litem whenever notice shall be requisite."

There is nothing in this act which indicates the extent or limit of the duties of a guardian ad litem. It is the general rule that the authority of a guardian ad litem for minors does not extend to a representation of them in other lawsuits in which they have an interest. See 31 C. J. p. 1147 §312; *Elkins' Estate*, 18 D. & C. 578.

This is particularly true insofar as it applies to actions at law or in equity. There the authority of the guardian ad litem necessarily ends with the termination of the particular action. A broader power may exist in relation to the appointment of a guardian ad litem by the orphans' court in an estate in which a minor may have an interest.

It is the contention of the appellee that a guardian ad litem appointed in connection with the filing of a first account has no authority to represent minors and unborn children in connection with the filing of a second account.

In the instant case, the appointment was not specifically limited and the trust company was never discharged or removed. The account filed was only a partial account, and the guardian ad litem appointed represented the general interest of the minors and unborn children in the estate of Mary D. Strickler, deceased. Non constat that duties might not arise in relation to matters not embraced in the first account for distribution. As a matter of fact, such matters did arise during the last year, in which petitions were before the court by claimants against the estate, and in each The Colonial Trust Company was named respondent. Appellee endeavors to distinguish these appearances of The Colonial Trust Company by claiming that the latter was named individually and not as guardian ad litem. Its connection with the estate arises only from its appointment as aforesaid, to represent the interests of minors and unborn children. Appellee admits that the said Company has continued to act as guardian and trustee ad litem for minors and unborn children in said estate, but contends that its duties are limited to matters connected only with the first account filed. Irrespective of any limitation upon the power and duties of the first guardian ad litem, one insuperable objection to the appointment of a second guardian ad litem appears. The Colonial Trust Company had not been dis-

charged at the time of the appointment of the second guardian ad litem. To permit two guardians ad litem to function in one estate would lead inevitably to confusion and waste. Both guardians ad litem would have to be named in all petitions, and there would be an unnecessary duplication of work. The estate would have to pay the fees of two guardians and two lawyers instead of one. Such a situation would be intolerable, and this practice should not be encouraged.

We quote from the opinion in *Bondurant v. Sibley's Heirs,* 37 Ala. 565, where there was some irregularity in the appointment of a guardian ad litem. Another guardian was then appointed by the court. In holding that the first appointment was valid until set aside, the court said, p. 572: "The register's appointment of Harrison, as the guardian ad litem of Charles S. Perkins, was clearly improper; because there was an existing appointment which was valid until set aside. Harrison's appointment was strictly analogous to the appointment of a second administrator without revoking the appointment of the first. As the second appointment of an administrator would be void, so also is the second appointment of a guardian ad litem in this case. If it were not so, there would be two separate and distinct guardianships at the same time. As Harrison's appointment was void, the order of the chancellor setting it aside was correct."

In our opinion, until the appointment of The Colonial Trust Company be set aside, the appointment of John L. Rush as guardian ad litem and trustee ad litem is void.

The assignment of error is sustained and the appointment of John L. Rush is vacated and set aside. Costs to be paid out of the estate.