## Shibe's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, and Ladner, JJ.

*R. M. Remick* of *Saul, Ewing, Remick & Saul,* for petitioner.

*Isabel Drummond,* for respondent.

VAN DUSEN, P. J., May 9, 1941.—The personal estate of decedent is insufficient to pay his debts, and even with the addition of the real estate the estate is insolvent. Several years have elapsed since his death, so that his real estate is no longer subject to the general lien of his debts. However, four creditors brought and indexed suits within the year so that their liens have been preserved. During the first year, and for some time thereafter, the executor collected the rents of the real estate; and he has filed an account which is before this court, in which he charges himself with these rents. He has now filed a petition which is joined in by the creditors who have preserved their liens, in which he asks for an order under section 14 of the Fiduciaries Act of June 7, 1917, P. L. 447, authorizing and directing him to collect the rents for the period from decedent's death, August 6, 1937, to March 31, 1939, the period during which he has actually collected them. Thereafter, the rents have been collected by the holder of a mortgage upon the real estate.

The sole devisee of testator is his widow. The citation is directed to her; and she has filed a preliminary objection, the principal reason for which is that, because there was no order authorizing the executor to collect the rents, title to such rents is in her, and that an order nunc pro tunc would deprive her of this property.

Section 14 begins: "Rents of real estate accruing after the death of the owner of such real estate . . . shall be assets for the payment of debts of such decedent whenever the personal estate shall be insufficient therefor." The rest of the section provides a method of enforcing this liability by securing from the orphans' court authority to the executor or administrator to collect the rents for such period as the court shall fix. We have just held that the right to collect rents is linked to the lien of decedent's debts, and cannot be exercised after that lien has expired. Of course, the lien may be extended by bringing suit: Graham's Estate, 41 D. & C. 276. See Kearney's Estate, 30 Dist. R. 75, and Olanoff's Estate, 21 D. & C. 652.

In view of this substantive provision we conclude that the right of the devisee to the rents is not an unconditional right or indeed a primary right. It is always subject to be taken away by the exercise of a superior right. An order granting authority to an executor nunc pro tunc to collect the rents is due process of law, because it is nothing more than giving effect to a right which was always potentially there. As between the tenant and the devisee a payment to the devisee would be good until notice was received of the granting of authority to the executor. In this case no such payment has been made and the rents are actually in the hands of the executor. In some of the cases cited in the footnote*, similar orders have been made. In other cases, executors have accounted for rents and the court has awarded such rents to creditors who had a lien without going through the formality of an order nunc pro tunc. In substance, it seems to us that the making of an order is only necessary to assure the tenant of the authority of the executor, and is not a

necessary element of the right to the application of the rents.

Courts, like individuals, may ratify and confirm that which they might have authorized in the first place. This principle has been applied to the sale of real estate by executors for the payment of debts, and we see no difference in principle in the present case: Mussleman's Appeal, 65 Pa. 480; McCaffrey v. Gibney, 223 Pa. 368; Wayne's Estate, 25 Dist. R. 502; Hubley's Estate, 16 Phila. 327.

It is true that in certain cases dealing with section 14 of the Fiduciaries Act it has been said that the rents of real estate are not assets for the payment of debts unless an order has been entered such as is now asked for. See Herron, for use, v. Stevenson et al., 259 Pa. 354, Wolfe et al. v. Lewisburg Trust & Safe Deposit Co., 305 Pa. 583, Sheely's Estate, 15 D. & C. 372, and Alexander's Estate (No. 2), 34 D. & C. 169. The possibility of entering an order nunc pro tunc was not brought to the attention of the court in those cases so far as appears; or even the possibility of making an award of the rents, if they are before the court, as though the executor had already been authorized to collect them. We believe that if the question had been presented to these courts in the way it is now presented to us the conclusion would have been different.

The other reasons given in support of the preliminary objection seem to us to be merely different aspects of the principal question and do not require detailed discussion. That reason which refers to suits brought in other courts is an averment of a fact which is not in the petition and is inappropriate to a preliminary objection.

The preliminary objection is overruled and respondent is given leave to answer within 15 days.

---

* Kelso's Estate, 9 Erie 283; Fullerton's Estate, 13 Erie 50; Downes' Estate, 27 Del. Co. 319; Estate of Bessie McGhee, no. 1488 of 1939; Estate of Peter H. McCann, no. 2349 of 1934; Estate of Charles F. Joerger, no. 667 of 1932; contra, Estate of Harvey F. Backenstoe, July term, 1928, no. 2079.