Carson Estate.

Argued April 11, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*George W. Keitel,* Deputy Attorney General, with him *James H. Duff,* Attorney General, and *Paul P. Wisler,* for Commonwealth, appellant no. 68; appellees nos. 77 and 78.

*J. Joseph Stratton,* with him *James Herbert Egan,* for Augusta Smith Carson et al., appellants in nos. 77 and 78; appellees no. 68.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 21, 1945:

These appeals are from an assessment of transfer inheritance tax.

Decedent possessed an individual bank account amounting to $85,637.20, which he transferred to a joint account of himself and his wife, as tenants by the entireties, ten months and nineteen days prior to his decease. The inheritance tax appraisers included this amount in the taxable estate of decedent. The widow and the executor appealed to the orphans' court. The hearing judge sustained the appeal as to *one-half* the fund. Appeals were taken by the widow and the executor because of the assessment of any tax. The Commonwealth appeals because the taxable item was thus reduced.

Section 1 (c) of the Act of June 20, 1919, P. L. 521, as amended by the Act of June 22, 1931, P. L. 690, 72 PS section 2301, imposes a tax upon the transfer of any property ". . . made in contemplation of the death of the grantor . . ." and further states that "If such transfer is made within one year prior to the death of the grantor. . . . without an adequate valuable consideration, it shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this clause."

The learned hearing judge found, as a fact, that decedent had made the transfer in contemplation of death. While in the opinion there is the inadvertent use of the word "anticipation", instead of "contemplation", as employed in the Act, his reference to the Act and his use of the word in the context of the opinion lead to the inescapable conclusion that the word "anticipation" was intended to be synonymous with "contemplation". The testimony supports the finding of fact of the hearing judge and therefore will not be disturbed: See: *Grenet's Estate,* 332 Pa. 111, 2 A. 2d 707; *Kenna Estate,* 348 Pa. 214, 217, 34 A. 2d 617; *Lewis Estate,* 351 Pa. 576.

The full amount of the transfer should have been taxed. It was the whole amount of the deposit which passed to the wife upon decedent's death and not one-half thereof. While there are apparently no appellate decisions on this point, the principle was similarly applied in *Edwards's Estate*, 1 D. & C. 497, and *Reynolds' Estate*, 23 D. & C. 421.

The equitable doctrine of contribution, as applied in *Rex's Estate*, 46 D. & C. 443, relied upon by the learned hearing judge, has no application to the present situation. There the question concerned the amount of a claim against a decedent's estate. Here the problem is what was the value of all the property transferred.

Appeal No. 68 is reversed at the cost of appellees and Appeals Nos. 77 and 78 are dismissed, at the cost of appellants. The assessment appealed from is approved, and is directed to be reinstated in accordance with this opinion.