Opinion by
 

 Ross, J.,
 

 As surviving trustee under an inter vivos deed of trust of James N. Georgalas, now deceased, Anthony Maroulis, appellant, filed his first and final account in the Orphans’ Court. Therein he accounted, inter alia, for “5/22 interest in assets of dissolved partnership, Pittsburgh Pie Company, $22,954.95.” To that item in the account Michael Georgalas, principal beneficiary under the provisions of the James N. Georgalas Trust Agreement, filed exceptions, averring that the account
 
 *231
 
 ant had failed to account for the full interest of the James N. Georgalas Trust Estate in the said partnership, which was stated to be $25,250.00, representing a full one-fourth interest in the assets of the dissolved partnership and that the accountant had, in so stating his account, violated the terms of a written agreement dated February 6, 1948, between accountant and ex-ceptant. After hearing, the auditing judge sustained the exceptions filed, and in the decree of distribution surcharged the appellant, as surviving trustee, for the difference between a % and 5/22 in the assets of the dissolved partnership, or $2,295.05. Appellant excepted to the decree, and after dismissal of the exceptions by the court en banc, took this appeal.
 

 The Pittsburgh Pie Company was a corporation and later became a partnership. The partnership consisted of the appellant Maroulis, Michael Georgalas and one Trikalitis. The assets were owned by the appellant individually and as trustee and the other members of the partnership. Because of difficulties among them the parties agreed to dissolve the partnership by selling the business and distributing the proceeds. At an open bidding among the partners, the business was purchased by Maroulis and the partnership dissolved on February 9, 1948.
 

 The appellant testified that of the partnership assets—proceeds of the sale of the business—he individually owned 6/22 and as trustee 5/22; that Trikalitis owned 6/22 and Michael Georgalas individually 5/22. His position, therefore, is that he is liable to account for only 5/22 of the value of the assets, or $22,954.95. However, the auditing judge found that he should account for $25,250.00, and the only question before us is whether there is evidence to support this finding.
 

 Under date of February 6, 1948 an agreement was entered into by and between Maroulis individually and
 
 *232
 
 as trustee, and Georgalas and Trikalitis. This agreement provided for the details relative to the open bidding for the partnership assets and the manner in which the successful bidder should make payment. On the same day an agreement ivas entered into by and between Maroulis and Georgalas relating to the sale of the trust interest, which under the deed of trust would pass to Michael Georgalas. This agreement provided that if Maroulis became the successful bidder for the business he Avould “promptly file his account and resign as Trustee under Trust Agreement of James N. Georgalas, Deceased, and that he will upon the appointment of a Successor Trustee offer to and if said offer is accepted pay to, the Successor Trustee when appointed the same amount of money for the interest of the James N. Georgalas Trust in the Pittsburgh Pie Company that he paid for the separate share of Michael Georgalas or the separate share of Gust Trikalitis at the time of said bid”.
 

 According to the testimony, Maroulis paid $25,250.00 for the separate share of Georgalas and a like amount for the separate share of Trikalitis. Consequently, by the clear, unambiguous terms of the agreement of February 6, the appellant was obligated to account as trustee for a like amount. Not only are the terms of the agreement unambiguous but Trikalitis testified that “Each share go the same”. In addition, the parties by stipulation agreed that during the partnership the profits had been distributed in equal parts to the trustee and the three individual partners, % to each.
 

 An auditing judge’s findings will not be disturbed except for clear error
 
 (Kenna Estate,
 
 348 Pa. 214, 34 A. 2d 617) and we find no error in the finding in this case that the appellant, as trustee, should account for
 
 Yi
 
 of the assets of the partnership.
 

 Decree affirmed, costs to be paid by appellant,