Morris J. Winokur, Philadelphia, Pa., for plaintiff.

Thomas E. Comber, Jr., Philadelphia, Pa., for defendant.

**Frank E. MORRIS, Jr., a Minor, by his Guardian, Lydia B. Fowler, S. Green Street, Tuckerton, New Jersey,**

v.

**Jane BRADLEY, 2834 Sandyford Road, Philadelphia, Pennsylvania.**

Civ. A. No. 19543.

United States District Court
E. D. Pennsylvania.

March 27, 1956.

GRIM, District Judge.

Frank E. Morris, Jr., a minor, is a citizen of Pennsylvania. The Orphans' Court of Montgomery County, Pennsylvania, appointed Lydia B. Fowler, a citizen of New Jersey, his guardian. The guardian has brought this action against the defendant, a Pennsylvania citizen, for personal injuries arising out of an automobile accident which occurred in Pennsylvania.

Defendant has moved to dismiss the suit on the ground that the minor himself, rather than the guardian, is the real party in interest, Fed.R.Civ.P. 17, 28 U.S.C., and that since both the minor and the defendant are citizens of Pennsylvania, diversity does not exist. If diversity of citizenship does not exist, this court has no jurisdiction. Defendant also contends that the guardian lacks capacity to sue in this court.

A problem which was similar to the problem in the present case arose in this court in the case of Fallat v. Gouran, 3 Cir., 1955, 220 F.2d 325 wherein a guardian of an incompetent was involved. The Court of Appeals said, 220 F.2d at page 326: "It is our conclusion that it is not the citizenship of the incompetent, whether or not he be the real party in interest, which governs but the citizenship of the guardian, provided he has the capacity to sue." It decided that the guardian of an incompetent has the capacity to sue in this court and defendant's motion to dismiss was denied.

Under the Federal Rules of Civil Procedure, Rule 17, and under the law of

Pennsylvania the capacity of a guardian of a minor to sue, Penna. Fiduciaries Act of 1949, 20 P.S. § 320.1041, is not significantly different from the capacity of a guardian of an incompetent to sue, Penna. Incompetent's Estates Act of 1951, § 401, 50 P.S. § 1781. Therefore, the Fallat case controls the present case and the motion to dismiss must be denied.

Defendant's motion to dismiss is denied.