Vera G. JOHNSTONE, guardian of the Estate of Ellen Suzann Kramer, a minor

v.

O'CONNOR & CO., Inc.

Civ. A. No. 20761.

United States District Court
E. D. Pennsylvania.

July 11, 1958.

Richter, Lord & Levy, Philadelphia, Pa., for plaintiff.

Duane, Morris & Heckscher, Philadelphia, Pa., for defendant.

LORD, District Judge.

This action is bought by Vera G. Johnstone as guardian of the Estate of Ellen Suzann Kramer, a minor, against O'Connor & Co., Inc. It arises out of an accident occurring on June 21, 1955, in which the minor plaintiff was struck by a truck owned by the defendant corporation. As a result of this accident, the minor plaintiff suffered severe injuries to her right leg just above the ankle. Although no bones were broken, there was extensive damage to the skin and tissue. The jury returned a verdict in favor of plaintiff for $19,000.

The case is now before the Court on defendant's Motions to Dismiss, for Judgment n. o. v. and for New Trial. Plaintiff has also moved for Judgment n. o. v. to include the medical and hospital bills attributable to this accident which were excluded by the Trial Court in its charge to the jury as not being obligations of the minor's estate.

To dispose of the latter point first, the law of Pennsylvania

" * * * limits the recovery of the minor to damages for his pain and suffering and loss of earning power after he becomes of age, and requires that all claims for expenses in connection with the nursing, hospital care, and medical services rendered the minor growing out of the injury shall be recovered by, and chargeable against, the father, * * *". In re Mikasinovich, 1933, 110 Pa.Super. 252, at page 261, 168 A. 506, at page 509.

It follows, therefore, that the Court properly instructed the jury not to consider the testimony of medical expenses attributable to the minor plaintiff's in-

juries, since the action was instituted by her guardian solely on behalf of the minor's estate. Consequently, plaintiff's Motion for Judgment n. o. v. must be denied.

Turning now to defendant's Motions, the Court concludes that they must be denied as well. The Motion to Dismiss presents a twin-pronged attack on the Court's diversity jurisdiction of this action. As its first challenge, defendant points out that the record is bare of any proof of the New Jersey citizenship of the minor plaintiff's guardian. Although the Complaint contains this jurisdictional allegation, it is specifically denied in the Answer. Defendant argues that this failure to offer proof of the guardian's citizenship, a jurisdictional fact specifically put at issue by the pleadings, is fatal to this Court's jurisdiction. Relying principally on McNutt v. General Motors Acceptance Corp., 1935, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 and KVOS, Inc., v. Associated Press, 1936, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183, defendant argues further that this Court cannot now reopen the record and take testimony to establish the guardian's citizenship.

In both of these diversity cases, after a detailed consideration of their facts, the Supreme Court held that there was no showing that the required jurisdictional amount of $3,000 was involved and remanded the cases to the District Court to dismiss for lack of jurisdiction. No mention is made of reopening the records for additional testimony. However, this Court is not persuaded that these cases are precedent for the proposition that a federal trial court cannot do so. Rather it appears that the Supreme Court was satisfied that on their faces these cases lacked the requisite jurisdictional amount and directed their dismissal accordingly. In any event, our Court of Appeals recently remanded a case to the trial court for further testimony on the question of jurisdictional amount. Kaufman v. Liberty Mutual Insurance Co., 3 Cir., 1957, 245 F.2d

918. In that case the parties stipulated during the trial that the amount in controversy potentially exceeded the jurisdictional minimum. While it is true that there was no such stipulation in the instant matter, the Court does not feel that this is a sufficiently material distinction. Even if it were far more uncertain of its authority to reopen the record than it now is, this Court could hardly presume to resolve an alleged conflict between the Supreme Court and Court of Appeals.

■ At argument on these motions, plaintiff expressed her willingness to offer testimony as to her citizenship. The Court has decided to let the record stand as it is. In passing, it should be noted that this Court has no doubt that plaintiff can easily prove her New Jersey citizenship, as indeed she surely could and would have done had defendant *at the trial* challenged the Court's jurisdiction on this ground.

■ The second attack on this Court's jurisdiction is admittedly frontal. Defendant asserts, no doubt accurately, that the record plaintiff was appointed guardian of the minor plaintiff's estate for the principal purpose of obtaining the diversity of citizenship between the parties requisite to bring the minor plaintiff's action into this Court. Defendant further contends that the citizenship of the ward and not the guardian controls for purposes of diversity jurisdiction, citing Kaufmann Estate, Orph. Ct. of Philadelphia, 1954, 87 Pa.Dist. & Co.R. 401, and Provident Trust Company of Philadelphia Case, 1943, 346 Pa. 37, 39–40, 29 A.2d 524, 527, for the rule that

> "* * * a guardian, unlike a trustee, does not take legal title to the property of the beneficiary, but acts merely as a custodian or manager, subject to the direction of the court which appoints him; the ward, not the guardian, is the owner of the property. * * *"

It would follow from this declaration of Pennsylvania law, defendant asserts,

that the minor plaintiff and not the guardian is the real party in interest.

Defendant concludes his argument as follows:

"We respectfully submit that there is no earthly reason for the appointment of a guardian to bring an action in the federal courts where the parents, who have the legal duty to support the child and arrange for his or her medical care and treatment following an injury, are readily available to bring an action in the child's name.

"At a time when the federal courts are already overburdened with a flood of undisposed cases, we question the wisdom of further opening the door to a flood of additional suits which were never intended to have been permitted to be brought in our federal court system."

Defendant is not unmindful of Morris v. Bradley, D.C.E.D.Pa.1956, 139 F. Supp. 519, or of Fallat v. Gouran, 3 Cir., 1955, 220 F.2d 325, both of which cases stand foursquare against its position, but defendant maintains that the better rule is found in Martineau v. City of St. Paul, 8 Cir., 1949, 172 F.2d 777. However, our Court of Appeals in Fallat, cited above, considered the view of the 8th Circuit as expressed in Martineau and respectfully differed. This Court does likewise.

■■ Defendant's Motion for Judgment n. o. v. is based on its argument that the record does not support any finding of negligence. Of course, it is axiomatic that in considering a motion seeking to overturn a jury's verdict, a court must ascertain that the record is void of sufficient facts or reasonable inferences therefrom to support the verdict, before it can grant the motion. Viewing the evidence in the light most favorable to plaintiff, the Court concludes that the jury would have been justified in finding (1) that defendant's truck struck the minor plaintiff while it was backing up; (2) that the driver had no clear vision of the cartway into which he was backing; (3) that the driver admittedly saw several children playing in the area; (4) that notwithstanding the availability of two helpers, the driver backed his truck without anyone guiding him or checking to see that the cartway was clear. On the assumption that these facts were found, defendant's negligence is so clear as to require neither comment nor citation.

■ This is not to say that defendant's Motion was deemed frivolous or was lightly considered by the Court. The minor plaintiff, who was only five years old at the time of the accident, was naturally a rather unsatisfactory witness. Her recollection of certain important details was unclear, and her description of the truck's route up to the time of the accident was somewhat confusing. Defendant's driver, on the other hand, while giving a completely different version of the accident, was understandably more positive of details than the five year old plaintiff and told in all a rather convincing story. However, the jury must have been more persuaded by the minor plaintiff and her witnesses, and it is not the function of the Court to retry the case upon defendant's Motion.

■ Defendant's final Motion, for New Trial, directs our attention to the size of the verdict. There can be no question that now, three years after the event, the minor plaintiff's memories of her considerable pain and suffering are largely obscured. However, the scarring above her ankle is extensive and even hideous. While it is true that there is no residual physical impairment, the emotional problems that may attend this young girl as she grows into womanhood are potentially considerable. The minor plaintiff is an extraordinarily beautiful child. This Court cannot say that in arriving at its verdict of $19,000 the jury was plainly biased or prejudiced against the defendant. Having had the opportunity to see the little girl and observe her scars, the Court must con-

clude that the verdict, while generous, was assuredly not excessive.

For the foregoing reasons, it is ordered that plaintiff's Motion for Judgment n. o. v. and defendant's Motions to Dismiss, for Judgment n. o. v. and for New Trial be and the same are hereby denied.