Harry **BERKOWITZ**, Guardian of the Estate of Wilson Kinch, a minor, Plaintiff,

v.

**PHILADELPHIA CHEWING GUM CORPORATION**, Defendant.

Civ. A. No. 28849.

United States District Court
E. D. Pennsylvania.

Sept. 14, 1962.

Frank M. Jakobowski, Philadelphia, Pa., for plaintiff.

Joseph R. Thompson, David L. Pennington, Charles F. Quinn, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This opinion is written pursuant to the Mandate of the United States Court of Appeals for the Third Circuit, vacating a judgment of this court entered August 22, 1961 (Document No. 14), and remanding with instructions to " * * * determine whether or not there is diversity jurisdiction." (Document No. 19).

Subsequent to the Opinion of the Court of Appeals (filed May 31, 1962), counsel for both plaintiff and defendant filed a written Stipulation on June 7, 1962 (Document No. 20), stating that plaintiff Berkowitz had been appointed, by order of June 4, 1962, the general guardian of the Estate of Wilson Kinch, a minor, thereby correcting the jurisdictional defect pointed out in the opinion of the United States Court of Appeals for the Third Circuit dated May 31, 1962. The amended order of the Orphans' Court of Delaware County, dated June 4, 1962, making the change from guardian ad litem to general guardian of the estate, is attached to the Stipulation.

Under the cases decided by the U. S. Court of Appeals for the Third Circuit [1] and the U. S. District Court for the Eastern District of Pennsylvania,[2] diversity jurisdiction exists in the instant case, despite the fact that, apparently, the plaintiff was appointed guardian of the minor plaintiff's estate solely for the purpose of obtaining the diversity of citizenship between the parties requisite to bringing the minor plaintiff's action into this court. In Morris v. Bradley, supra fn. 2, Judge Grim stated at pages 519–520 of 139 F.Supp.:

"Under the Federal Rules of Civil Procedure, Rule 17, and under the law of Pennsylvania the capacity of a guardian of a minor to sue, Penna. Fiduciaries Act of 1949, 20 P.S. § 320.1041, is not significantly different from the capacity of a guardian of an incompetent to sue, Penna. Incompetent's Estates Act of 1951, § 401, 50 P.S. § 1781. Therefore, the Fallat case controls the present case and the motion to dismiss must be denied."

Both parties have filed briefs in which they agree that this court has jurisdiction of this case.[3]

1. See Fallat v. Gouran, 220 F.2d 325 (3rd Cir. 1955), where the court held, in determining diversity jurisdiction in a suit brought by the guardian of an incompetent, that the courts must look not at the citizenship of the incompetent but at the citizenship of the guardian, provided he has the capacity to sue under the laws of the forum.

2. See Morris v. Bradley, 139 F.Supp. 519 (E.D.Pa.1956), and, also, Johnstone v. O'Connor & Co., 164 F.Supp. 66 (E.D. Pa.1958).

3. The briefs of counsel are attached to this Memorandum. Both counsel were given the opportunity to present oral argument and waived this opportunity (see letter of September 6, 1962, attached to brief of counsel for plaintiff).

Therefore, defendant's motions to dismiss the original Complaint (Document No. 3) and Amended Complaint (Document No. 9) must be denied insofar as they allege lack of jurisdiction of this court, but the action will be dismissed for the reasons stated in the Memorandum of August 22, 1961 (Document No. 14).