Laurence J. DiSTEFANO, Guardian of
the Estate of Mark A. Hanichak

v.

LEHIGH VALLEY RAILROAD CO.

Civ. A. No. 39718.

United States District Court
E. D. Pennsylvania.

Sept. 30, 1966.

Don F. D'Agui, D'Agui & Del Collo,
Philadelphia, Pa., for plaintiff.

Robert J. Jones, Saul, Ewing, Remick
& Saul, Philadelphia, Pa., for defendant.

## OPINION

JOHN MORGAN DAVIS, District
Judge.

We have before us the defendant's motion to dismiss the complaint on the ground that this court has no jurisdiction over the subject matter due to lack of diversity of citizenship.

Mark A. Hanichak, a minor and a citizen of Pennsylvania, suffered injuries on May 24, 1964 allegedly as a result of the negligence of the defendant railroad, also a citizen of Pennsylvania. About a year and a half later, his parents petitioned the Orphans' Court of Lehigh County, Pennsylvania to appoint Laurence J. DiStefano, a citizen of New Jersey, as his guardian.

The petition stated in part:

"3. The appointment of a Guardian is necessary for the prosecution of an action in Trespass to be commenced by the Guardian of the said minor resulting from an accident which occurred on May 24, 1964 * * *

"6. There are no assets in the estate of the said minor, either real or personal excepting the cause of action resulting from the accident of May 24, 1964 whence the minor sustained the injuries heretofore described."

The Decree of the Orphans' Court granted the prayer for the appointment of Mr. DiStefano as the minor's guardian but limited his authority as follows:

"2. That the powers and duties of said Guardian, without further Order of this Court, shall be limited to the institution and prosecution to final judgment and/or settlement of a civil suit in the United States District Court for the Eastern District of Pennsylvania for damages for personal injuries to minor Petitioner arising out of an automobile accident which occurred on May 24, 1964, provided, however, that no compromise of said action shall be affected without prior approval of this Court;

"3. That without further order of this Court, said Guardian shall have no authority to receive the proceeds of any recovery in said suit by way of verdict or settlement." .

The question presented therefore is whether under the facts of this case, the court must consider the citizenship of the guardian or that of the minor in determining whether diversity jurisdiction exists.

The defendant contends that Mr. DiStefano is only a guardian ad litem under the Orphans' Court decree, making him but a nominal or formal party and the state of his domicile irrelevant for jurisdictional purposes.

■ In Fallat v. Gouran, 220 F.2d 325 (3d Cir. 1955), the Court of Appeals of this circuit rejected the test of looking to the citizenship of the real party in interest and on the basis of its interpretation of several Supreme Court decisions, held that the citizenship of an incompetent's guardian was controlling if he had capacity to sue. While the court specifically reserved the question as to how it should be determined whether the fiduciary has such a capacity, it outlined two possible approaches: Rule 17 of the Federal Rules of Civil Procedure and the law of the state that appointed the guardian. See Lumbermen's Mutual Casualty Co. v. Elbert, 348 U.S. 48, 75

S.Ct. 151, 99 L.Ed. 59 (1954); Mexican Central Railway Co. v. Eckman, 187 U.S. 429, 23 S.Ct. 211, 47 L.Ed. 245 (1903); City of New Orleans v. Gaines's Administrator, 138 U.S. 595, 11 S.Ct. 428, 34 L.Ed. 1102 (1891).

■ The law of Pennsylvania clearly gives a guardian, whether he be a general guardian or a guardian ad litem, the right and capacity to sue on behalf of a minor. Pa.Stat.Ann., tit. 20, § 320.1041 provides that "[t]he guardian of the estate of a minor * * * shall also have the right to maintain any action with respect to * * * real or personal property of the minor." Rule 2027 of the Pennsylvania Rules of Civil Procedure, 12 P.S. Appendix goes on to require that "When a minor is party to an action he shall be represented by a guardian who shall supervise and control the conduct of the action in behalf of the minor." Rule 2026 defines "guardian" as either a "guardian of a minor appointed by any court of competent jurisdiction" or "a person in the nature of a next friend * * *" or "a guardian ad litem specifically appointed by the court in which the action is pending." See also Kenna's Estate, 348 Pa. 214, 34 A.2d 617 (1943); Strickler's Estate, 140 Pa.Super. 372, 14 A.2d 341 (1940).

The Federal Rules of Civil Procedure provide:

Rule 17(b): "The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue shall be determined by the law of the state in which the district court is held * * *."

Rule 17(c): "Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or in-

competent person does not have a duly appointed representative he may sue by his next friend or by a guardian ad litem."

■ Under Rule 17(b), the capacity of a guardian to sue is governed by the law of the state in which the District Court is held. Since the law of Pennsylvania gives the fiduciary this power, the federal rules impose no obstacle to Mr. DiStefano's bringing this action in this court.

While it is as yet unclear as to the exact relationship of Rules 17(b) and 17(c) and whether a guardian, as a matter of federal law, is given capacity to sue under 17(c) regardless of the state law requirements specified in Rule 17(b), we do not have to reach this question since Pennsylvania law permits both a general guardian and a guardian ad litem to bring suit and control the litigation on behalf of a minor. See Fallat v. Gouran, supra; Bengtson v. Travelers Indemnity Co., 132 F.Supp. 512 (W.D.La.1955), aff'd 231 F.2d 263 (5th Cir. 1956); 2 Barron & Holtzoff, Federal Practice & Procedure, §§ 486, 488; 3 Moore, Federal Practice §§ 17.18, 17.19, 17.26.

The defendant, however, contends that while the test as laid down in Fallat v. Gouran, supra, may be the law as to a general guardian, it does not apply in the case of a guardian ad litem because of Berkowitz v. Philadelphia Chewing Gum Corp., 303 F.2d 585 (3d Cir. 1962). There the court seemed to distinguish between a general guardian and a guardian ad litem, but it specifically left open the question as to whose citizenship controls if the fiduciary is a representative solely for the purposes of the litigation.

■ Even assuming without deciding that Mr. DiStefano is a guardian ad litem

we believe we are bound by Fallat v. Gouran, supra despite any possible doubts raised by Berkowitz v. Philadelphia Chewing Gum Corp., supra. The former clearly set forth the test to be whether the guardian has capacity to sue. It rejected any notion that the citizenship of the real party in interest was controlling. It seems to us therefore that if the question is not who is the real party in interest, it makes no difference whether the fiduciary's power is broad or narrow, or whether he is but a custodian of minor's property, or holds only a bare legal title or has some greater interest. Such esoteric distinctions have no relevance under Fallat v. Gouran, supra.

■ While we acknowledge that there are decisions elsewhere throughout the country that have used standards other than those we have adhered to here, we are duty bound to follow those enunciated by the Court of Appeals of this Circuit and must look to the citizenship of the guardian for purposes of diversity jurisdiction. See e. g. Martineau v. City of St. Paul, 172 F.2d 777 (8th Cir. 1949); 3 Moore, Federal Practice § 17.04; and cases cited therein: Cf. Corabi v. Auto Racing, Inc., 264 F.2d 784, 75 A.L.R.2d 711 (3d Cir. 1959); Berkowitz v. Philadelphia Chewing Gum Corp., 217 F.Supp. 80 (E.D.Pa.1962); Morris v. Bradley, 139 F.Supp. 519 (E.D.Pa.1956); Cohan & Tate, "Manufacturing Federal Diversity Jurisdiction by the Appointment of Representatives; Its Legality and Propriety," 1 Villanova L.Rev. 201 (1956).

## ORDER

And now, this 30th day of September 1966, it is hereby ordered that the defendant's motion to dismiss the complaint for lack of jurisdiction over the subject matter be and the same is denied.