# Roberts *v.* Powell, Appellant.

*Judgment—Payment—Presumption—Heirs and devisees—Evidence.*

While the lien of a judgment obtained against a decedent in his lifetime may be said to continue indefinitely against his heirs and devisees, this does not mean that the general presumption of payment does not arise even in such case after twenty years.

Where one of several co-tenants of land has purchased and revived a judgment over thirty years old against the common ancestor, and under a rule taken by one of the heirs to strike off the revived judgment (which rule is made absolute), depositions of the purchaser have been taken against the rule, such depositions cannot be subsequently used against the other heirs, in partition proceedings to rebut the presumption that the original judgment was paid. In such a case the depositions lack the identity of parties requisite to make them admissible in the later litigation.

Argued Jan. 12, 1905. Appeal, No. 128, Jan. T., 1904, by defendants, from decree of C. P. No. 1, Phila. Co., March T., 1900, No. 1085, dismissing exceptions to report of master in case of James B. Roberts v. George W. Powell et al. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Exceptions to report of Fred Taylor Pusey, Esq., master.
The opinion of the Supreme Court states the case.

*Errors assigned* were in dismissing exceptions to master's
report.

*William Gorman*, with him *John F. Gorman*, for appellant,
cited: Price v. Lawson, 74 Md. 499 (22 Atl. Repr. 206);
Koehler v. Scheider, 16 Daly, 235; Starkie on Evidence, 310;
Greenl. on Ev., sec. 163; Philips on Ev., 393; Haupt v. Hen-
ninger, 37 Pa. 138; Riegel v. Wilson, 60 Pa. 388.

*E. O. Michener*, with him *Alfred D. Wiler*, for appellees,
cited: Breneman's App., 121 Pa. 641; Ziegler v. Schall, 209
Pa. 526; Peters's App., 106 Pa. 340.

OPINION BY MR. CHIEF JUSTICE MITCHELL, February 13,
1905:

The fund in court was the proceeds of a sale in partition,
and the executrix of G. W. Powell, one of the co-tenants de-
fendant, presented as a claim against the fund a judgment en-
tered against the common ancestor, G. S. Powell, in April, 1866,
and marked to the use of G. W. Powell in 1900. G. S. Powell
died in 1871. The claim was presented to the master in par-
tition in December, 1903.

That a judgment, nearly thirty-eight years old, and pre-
sented as a lien against the defendants' land more than thirty-
two years after his death, was prima facie barred by the pre-
sumption of payment needs neither argument nor citation of
authority. It is true that the lien of a judgment obtained
against a decedent in his lifetime is said to continue indefi-
nitely against his heirs and devisees, but by this it is not meant
that the general presumption of payment does not arise even
in such case after twenty years : Breneman's Appeal, 121 Pa.
641. Nor is there anything in the recent case of Ziegler v.
Schall, 209 Pa. 526, to countenance a different view. In that
case the rule is stated without reference to the presumption
because there was nothing to call for such reference. The
judgment there in controversy had been repeatedly revived
and the only question in regard to it was its priority of lien.

In the present case it is claimed that the circumstances rebut the presumption. The ancestor died intestate and the land descended to his children and grandchildren subject to the lien of the judgment. The present claim is that G. W. Powell, one of the heirs, bought the judgment to save the estate from sale under it, and therefore in the interest of his co-tenants in common from whom he thus became entitled to contribution. On the assumed facts there was still the objection that the purchase was in 1875 and the presumption of payment had arisen against any claim founded on it. But an even more serious objection is that there was no evidence to establish the facts asserted. This brings us to the principal question in the case.

The judgment against the ancestor, G. S. Powell, was entered in 1866. In 1900, without any intervening proceedings, it was marked of record to the use of G. W. Powell, a sci. fa. and an alias sci. fa. to revive were issued and judgment taken on two returns of nihil habet, the defendant having been dead more than twenty-nine years, and there being nothing on the record to rebut the presumption of payment. Rules to show cause why this last judgment should not be opened, and why it should not be struck off, were obtained by J. B. Roberts, one of the heirs, now party plaintiff in this partition. On these rules depositions were taken in which G. W. Powell, the use plaintiff, testified under objection to his competency, that he had bought the judgment to save the property from execution upon it, and that nothing had ever been paid him on account though the other heirs knew the facts. The rule to strike off the judgment was made absolute in the court below.

Presumably G. W. Powell was a competent witness at that time. Though he was called to testify in support of a judgment against his father's estate, and therefore adversely, yet his testimony was confined to matters occurring after his father's death, and so far as the record discloses, the other parties in interest, his co-tenants, were then alive, though it is said that some of them are now dead, the dates of death not being given. But the rule to strike off the judgment, under which the depositions were taken, was obtained by J. B. Roberts, who was the only party intervening, or so far as appears having any notice of the judgment or the proceeding upon it. The judgment was then thirty years old, and had been revived on re-

turns of nihil habet as to decedent without any notice to the heirs or representatives. The deposition of G. W. Powell was offered in the present case against six of the heirs, only one of whom was party or had any notice of the suit or the proceedings in which the deposition had been taken, or had any opportunity of being present and cross-examining the deponent. The master excluded the deposition on the ground that it lacked the identity of parties requisite to make it admissible in the present litigation. In this he was clearly right: Fearn v. West Jersey Ferry Co., 143 Pa. 122.

Judgment affirmed.