# Whitehead's Estate (No. 1).

*Wills—Advancements—Construction — Intention — Contracts— Performance—Absence of express time—Reasonable time.*

1. Where no definite time is expressed for performance of a contract, a reasonable time must be allowed.

2. A testator in 1907 entered into a contract with his son for the sale to the son of certain land.    One thousand dollars was to be paid upon the execution of the agreement.    It was provided that the balance should be paid "in the manner and at such times as may hereafter mutually agreed upon by the said parties.......The portion of the purchase-money remaining unpaid is to bear interest at the rate of five per cent. per annum payable annually."    In his will, made about one month prior to the contract, testator provided "It is my will and I direct all advancements of money or property made by me in my lifetime to any of my children and for which I may hold notes or other evidences of indebtedness shall be taken and considered as part of the share of such child in the estate under this my will."    Testator died in 1908.    The executors filed an account in 1916, wherein they claimed credit for the amount of the balance due under the agreement as an advancement allowed to the son on account of the share distributable to him under other provisions of the will.    *Held,* the lower court properly determined that the amount due under the agreement could not be treated as an advancement, that payment was due within a reasonable time which had expired and surcharged the executors therewith.

Argued Sept. 27, 1917.　Appeal, No. 25, Oct. T., 1917, by G. W. Whitehead and Jacob E. Whitehead, Executors, from decree of O. C. Westmoreland Co., May T., 1916, No. 32, dismissing exceptions to adjudication, in Estate of Peter Whitehead, Deceased.　Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that the will of the deceased who died in 1908 was, in part, as follows:

"From the proceed arising from sale or sales of surface of my farm if made during the lifetime of my said wife I direct it to be disposed of and divided as follows the one third of the net proceeds I give and bequeath to my said wife absolutely the remainder of the net proceeds of such sale or sales of real estate which may be sold during the lifetime of my said wife after the payment of all my debts and liabilities and funeral expenses as aforesaid I direct shall be divided into ten equal parts or shares one such full equal tenth part or share I give and bequeath unto my daughter Alice A. Whitehead one full equal tenth part or share to my son W. O. Whitehead one equal tenth part or share to my daughter Susan M. Seanor one equal tenth part or share to my son George Edwin Whitehead one equal tenth part or share to my son Jacob E. Whitehead one equal or tenth part to my daughter Sadie E. Whitehead one full or equal tenth part to my son Harry W. Whitehead, one full equal tenth part or share to my daughter Olive E. Whitehead one full equal tenth part or share to my daughter Laura W. M. Whitehead and the remaining full equal tenth part or share I give and bequeath unto the three children of my deceased daughter Agnes E. Kerr namely Clarence W. Kerr Alexander E. Kerr and Sarah Jane Kerr and I direct that the shares be equally (divided) among the three children.

"It is my will and I direct all advancements of money

or property made by me in my lifetime to any of my children and for which I may hold notes or other evidences of indebtedness shall be taken and considered as part of the share of such child in the estate under this my will. Shall be accounted for accordingly. If any of my hereinbefore children named should die before a distribution of my estate is had under this my will leaving issue the share or portion of my estate herein given and bequeath unto such child or children so dying without leaving living issue as aforesaid shall go to and be divided among my surviving children share and share alike grand-children to have the portion to which their parents would have been entitled to if living."

It further appeared that testator, less than a month after the execution of the will, entered into an agreement for the sale of the surface of his farm to George E. Whitehead, his son. The provision of the contract relating to the payment of the balance of the purchase-money, was as follows:

"The remaining sum in the manner and at such times as may hereafter mutually agreed upon by the said parties, the said party of the second part, however, to have the right and privilege of paying at any time any part or the whole of the remainder of the said purchase-money, and upon the payment of the whole amount thereof, the said party of the first part is to make, execute and deliver unto him the said party of the second part, the deed of conveyance hereinbefore mentioned. The portion of the purchase-money remaining unpaid is to bear interest at the rate of 5 per cent. per annum payable annually."

Other facts appear in the following excerpt from the opinion of COPELAND, P. J.:

Now it is the contention of the executors, and they have so acted, that from the date of Peter Whitehead's death the balance due by virtue of this article of agreement is to be treated as an advancement of property made in the lifetime of the testator. The language of the

will and the language of the agreement will not bear such construction. Such an interpretation, does violence to both. As we have said, when the will was made the surface of this farm was not sold and the testator spoke of advancements of money or property made in his lifetime, or for which he might hold notes or other evidence of indebtedness. When he came to make the agreement about a month later he does not regard this provision as one that should apply in favor of the purchase-money payable under this agreement, for he says and has it so written in the agreement that the purchase-money may be paid as thereafter mutually agreed upon and that when paid, a conveyance is to be made and that the purchase-money shall bear interest payable annually. This takes it out of the class of advancements or notes, or other evidence of indebtedness and we believe when the testator used these terms, he was speaking of what, in the character of advancements, existed at the time of writing the will or possibly what might be created in the future which would fall within that description, or be, as counsel for exceptants said in their brief, "Ejusdem generis." The fact that a definite arrangement was made about the payment of interest on the balance due under this agreement for the sale of the surface seems to take it out of the class of advancements described in this clause of the will quoted. He did not treat it as an advancement and by his language did not so consider it, and, as was contended by counsel for exceptants, it is a forced construction now to say that the purchaser may withhold this large sum of money until the last settlement of the estate, or, necessarily in this case, until the coal is sold, before he can be required to account for it, as there are ten heirs, or shares, under the will to be recognized with equality in the final distribution. The amount withheld under the terms of the agreement and treated by the executors as an advancement, at a fair estimate of the value of the coal as fixed by executors, would be substantially the purchaser's share of the es-

tate, and it is inconceivable that the intention of the testator was to give the daughters nothing until the coal should be sold.

At the time of Peter Whitehead's death, the proceeds from the sale of the farm was personal estate and as such it passed to his wife. Between the date of his will and the date of his death, the surface of the farm had been converted into personalty by this sale, under the article of agreement to George E. Whitehead, and as to this the will speaks as of the date of the testator's death. This agreement which Peter Whitehead and George E. Whitehead executed for the sale of the surface of the farm does not contemplate indefinite time, within which the purchaser can or may pay the consideration therein mentioned, but a reasonable time, and that has long expired. The daughters are now seeking to get a portion of this large estate and of right they should have it before they are too old to enjoy it and manage it in a way conducive to their comfort. The language of this agreement says: "The remaining sum in the manner and at such times as may be hereafter mutually agreed upon by the said parties." Now one of the parties is dead, and others have come into the right of the party who is dead, and the law will construe this contract in a reasonable way and that is to allow a reasonable time in which to make payment and, therefore, it is now with the court to say whether the purchaser has had a reasonable time allowed him in which to pay. We have already indicated that in the judgment of the court he has had, and that that reasonable time has long since passed. The authorities are numerous to the effect that where no definite time is expressed for performance a reasonable time must be allowed. This reasonable time when the facts are in dispute is for the jury and when they are not in dispute is for the court. In this instance, we, as Judge of the Orphans' Court occupy both positions (Kills v. Reading Iron Works, 141 Pa. 440; Petterson v. Graham, 164 Pa.

234; Cooper's Est., 150 Pa. 576; Severn's Est., 211 Pa. 68).

This exception is sustained and in the distribution we will surcharge the executors with the balance of the purchase-money and interest and allow them credit by distributing it to the executor of Sarah E. Whitehead's estate.

The court surcharged the executors in the amount of the balance due and dismissed exceptions to the adjudication. G. E. Whitehead and Jacob E. Whitehead appealed.

*Error assigned* was in dismissing the exceptions.

*Curtis H. Gregg,* with him *Sidney J. Potts,* for appellant.

*James S. Moorhead,* with him *Robt. W. Smith,* for appellees.

PER CURIAM, January 7, 1918:

The controlling question in this appeal is whether the balance of the purchase-money due on the articles of agreement for the sale of the surface of the farm between Peter Whitehead, the testator, and his son, Edward G. Whitehead, was an advancement under the terms of the former's will, and we agree with the learned court below that it was not an advancement and that the executors should be surcharged with said balance due under the terms of the agreement.

The decree is affirmed on that part of the auditing judge's opinion, printed in the reporter's notes sustaining the fourth exception to the account of the executors, raising the question involved.