Schline, Appellant, *v.* Kine.

Argued October 9, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Abraham Gratz,* for appellant.—It is and always has been the rule in Pennsylvania that no creditor could interfere with another creditor's execution by a rule to open the judgment and be let into a defense on the merits. He could only attack it by a collateral proceeding: Campbell v. Sloan, 62 Pa. 481; Steinman v. Feldser, 67 Pa. Superior Ct. 58, 60; Moore v. Dunn, 10 Pa. C. C. R. 79.

Neither the petition nor the order of the court complies with the requirements of the Act of July 9, 1897, P. L. 237: Meurer's App., 119 Pa. 115, 130; Page v. Suspender Co., 191 Pa. 518.

The petitioner in this case was a stranger to the judgment in question and it is not competent for such stranger to ask to have a judgment opened: Steinman v. Feldser, 67 Pa. Superior Ct. 58, 60.

The question of want of consideration could not affect John McSorley. When he bought the property,

he knew of the existence of this mortgage and naturally knew that he would have to pay the mortgage. What right has he now to ask that the mortgage be set aside and he be given the benefit of having this property cost him $7,000 less than what he agreed to pay for same? At the very utmost, had he been a judgment creditor, and had he been defrauded, he could have asked that the mortgage be set aside to the amount of his claim, but he would have to prove that Sonia Schline was a party to the fraud and paid no consideration: Hauer's App., 5 W. & S. 473; Haak's App., 100 Pa. 59; Monroe v. Smith, 79 Pa. 459; Braden v. O'Neil, 183 Pa. 462; Candee & Co.'s App., 191 Pa. 644.

*H. F. Stambaugh,* with him *Cresswell S. Shumaker* and *Watson & Freeman,* for appellee.—Appellant has no standing to argue in this court that appellee should have proceeded under Act of July 9, 1897, P. L. 237: Glassport Trust Co. v. Feightner, 300 Pa. 317; Stevens's Est., 267 Pa. 479; Williams v. Church, 193 Pa. 120; Edgett v. Douglass, 144 Pa. 95.

A judgment creditor has been allowed to maintain a petition to open a judgment on the ground that it was entered by collusion or fraud of both parties thereto: Campbell v. Kent, 3 P. & W. 72; Whiting v. Johnson, 11 S. & R. 328; Watson v. Willard, 9 Pa. 89; Lewis v. Rogers, 16 Pa. 18; Ringwalt v. Ahl, 36 Pa. 336; Clark v. Douglass, 62 Pa. 408; Woods v. Irwin, 141 Pa. 278; Reynolds v. Lumber Co., 175 Pa. 437; Heidrick v. R. R., 239 Pa. 29.

The Act of July 9, 1897, P. L. 237, did not supersede the remedy of a judgment creditor by petition to open a fraudulent judgment: Page v. Suspender Co., 191 Pa. 511; Jones v. Beale, 217 Pa. 182; Curran v. Delano, 235 Pa. 478.

The appellee owned the very judgment which appellant sought to defeat by confessing judgment in this

case and therefore had the standing of a judgment creditor to attack the latter judgment: Barrett v. Nelson, 119 Pa. 171.

The opening of the judgment was justified by the evidence that the judgment was confessed for the purpose of defrauding creditors.

The rule is well settled that where there is proof, however slight, of fraud, the burden of proving payment is thrown upon the grantee, and other evidence than a seal on a bond or the receipt to a deed is necessary to establish the payment of the consideration: Redfield v. Dysart, 62 Pa. 62; Bredin v. Bredin, 3 Pa. 81; Clark v. Depew, 25 Pa. 509; Ball v. Campbell, 134 Pa. 602; Orr v. Peters, 197 Pa. 606.

OPINION BY MR. JUSTICE SIMPSON, November 24, 1930:

Appellant entered judgment on a bond and warrant of attorney accompanying a mortgage, and levied on the mortgaged property, which then belonged to appellee, he having acquired title thereto by a sheriff's sale on an execution issued on a judgment entered against the mortgagor, after the date of the recording of the mortgage, but on an agreement which antedated it. Upon a petition alleging that the bond, warrant of attorney and mortgage had been given for the purpose of hindering, delaying and defrauding creditors, particularly the execution creditor above referred to, a rule was granted upon appellant to show cause why her judgment should not be opened and the execution thereon set aside. Depositions were taken, and, after argument, the rule was made absolute. From that order, appellant prosecutes the present appeal. This she has a right to do (Act of May 20, 1891, P. L. 101), but, in reviewing the order, since the conclusion reached was not based merely on deductions (Woodward v. Carson, 208 Pa. 144; Collins v. Kephart, 271 Pa. 428), we determine only whether or not the court below

abused its discretion: Kelber v. Pittsburgh National Plow Co., 146 Pa. 485; Orient B. & L. Assn. v. Freud, 298 Pa. 431. After a careful reading of the entire record, we cannot say, in the instant case, that there was an abuse of discretion.

Appellant's principal argument here is that, upon the facts asserted by appellee, his remedy was not by a rule to open the judgment, but by a proceeding in accordance with the Act of July 9, 1897, P. L. 237, or, failing that, by a petition for a collateral issue between appellant and appellee to determine whether or not there was the collusive fraud averred in the petition. There are many cases pro and con on the latter point; but those cited by appellant would seem to have the better foundation in reason, since the result of the course which they suggest is properly to leave undisturbed the judgment as between the alleged conspirators. On this appeal, however, we are not required to decide either point. Neither in her answer to the petition to open the judgment, nor at any time while the case was pending in the court below, did appellant object on either ground. As, therefore, no question of jurisdiction or public policy is involved, the appeal will not be determined in her favor upon either point, both having been raised for the first time in this court: Kohn v. Burke, 294 Pa. 282; Prenzel v. Apex Hosiery Co., Inc., 299 Pa. 17. If they had been suggested below, doubtless an amendment would have been allowed; as they were suggested for the first time here, we will, in the exercise of the statutory power vested in us (Craig's Est., 298 Pa. 235; Dunsmore v. Franklin Fire Ins. Co., 299 Pa. 86), ourselves amend the order in substantial accordance with appellant's contention.

Equally conclusive against appellant is the fact that the points now suggested are not stated in nor suggested by the statement of questions involved, which limits the scope of the appeal (Whalen v. Smith Fire-

proof Construction Co., 296 Pa. 10; Adams v. Field, 297 Pa. 247); nor are they directly or indirectly referred to in any of the eight assignments of error, which have a like effect: Moyer v. Blue Mountain Electric Co., 294 Pa. 265; Foulk v. Hampton, 299 Pa. 272. Indeed, but one assignment was needed, averring error in making absolute the rule to open the judgment.

What has been said disposes of the present appeal, but, since the case goes back for a trial, it may be well to call attention to the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045. Under section 1 thereof, the word "conveyance" is defined to include a "mortgage......and also the creation of any lien or encumbrance," and "creditor" is defined as "a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." By section 7 it is provided that "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors, is fraudulent as to both present and future creditors." Under this statute, therefore, as the judgment through which appellee derives title is based upon a written agreement antedating appellant's bond, warrant of attorney and mortgage, they must be held void as to appellee, if they were given with actual fraudulent intent, no matter when the judgment, under which he derived title to the property described in the mortgage, was recovered, or when the claim upon which it was based actually matured. As this act does not specify a particular course of procedure, that previously existing and any necessary modification thereof, may be adopted, in order to enable the one attacking the "conveyance" to obtain the rights accorded by the statute.

The order opening the judgment is set aside and the court below is directed to frame and try an issue between appellant and appellee to determine whether or not appellant's bond, warrant of attorney and mort-

gage were executed and delivered for the purpose of hindering, delaying and defrauding the creditor, upon whose judgment was issued the execution which resulted in appellee purchasing the mortgaged property at sheriff's sale.