## Potter Title & Trust Company v. Vance Engineering Company

David McC. Cummins and Ralph W. Peacock, for petitioner.

Harry Shapera and Harry A. Jones, contra.

BROWNSON, P. J., September 26, 1932.—The petitioner, a creditor of the judgment defendant, claiming to have a lien under the Mechanics' Lien Act against the defendant's real estate, which is prior to the lien of the plaintiff's judgment, and averring that the note on which that judgment was confessed, was given by "connivance . . . for the purpose of fraudulently defeating the claim of petitioner," prays the court (inter alia) for a rule upon the plaintiff to show cause why the petitioner should not be allowed to appear as a party defendant, and why the judgment should not be opened and the petitioner allowed to defend against it, and for a stay of further action upon an execution issued thereon pending these proceedings. The plaintiff's attorney, being in court at the time when the petition was presented, objected to the granting of such a rule and such a stay.

That another creditor has no standing to ask the court to set a judgment aside absolutely on the ground that, there being a defense against it upon the merits, no indebtedness is actually owing, is laid down by our Pennsylvania cases: Schline v. Kine, 301 Pa. 586 (in which an order opening a judgment under such circumstances was set aside by the Supreme Court) ; Campbell v. Sloan, 62 Pa. 481. The reason for this is that, however fraudulent a judgment may be as to a third person, it is binding as between the parties to the fraud. The remedy of a third person, when there is a collusive intent to defraud him, is to appeal for such equitable (or statutory) relief, to be given in a collateral proceeding, as will prevent the effectuating of the fraud.

Prior to 1897, two methods of procedure were open to the creditor, one the filing of a bill in equity, and the other a petition to obtain equitable relief by means of a rule to bring about the determination of the question of fraud in an issue tried according to common-law forms. By the Act of July 9, 1897, P. L. 237, a method of proceeding when a creditor wishes to attack as fraudulent a judgment confessed by his debtor upon which an execution is outstanding was provided. In Schline v. Kine, supra, the question was raised, but not decided

(the point not having been made in the court below), whether the remedy provided by the Act of 1897 is exclusive. The Supreme Court's decree in that case tends to indicate that under some circumstances the old procedure, by the framing of an issue independently of any statute to try the question of fraud, with a view to the administration of equitable relief under common-law forms, as a substitute for a bill in equity, may still be available. See also Salvaggio v. Semerio, 29 Dist. R. 297, as to the scope of the statute. In the present instance, however, we have presented to us by the petition the precise situation to deal with for which the Act of 1897 was passed, viz., the existence of a judgment alleged to be fraudulent, and an execution issued thereon upon which a sheriff's sale is impending; and the petitioner is seeking the specific relief provided for in that act. We believe therefore that in the present instance, the petitioner should proceed in conformity with the provisions and directions of the Act of 1897. One of these provisions is the specific requirement that before the rule is granted in pursuance of the prayer of the petition the petitioner shall give bond for the indemnification of the plaintiff in the judgment against costs and damages, and this the present petitioner has not done.

Again, without now passing upon the effect of the language of the Act of 1897 with reference to the degree of particularity of averment that may be requisite in petitions drawn under that statute, we may add that, should the petitioner be entitled to proceed independently thereof, then we think he would clearly be subject to the general rule that it is not sufficient to aver fraud in general terms merely, without stating explicitly wherein the fraud consists and setting out the facts and circumstances which render the acts complained of a fraud; and there are here no concrete facts averred to show that this judgment does not represent an honest debt which the plaintiff has a legal right to collect by execution, regardless of the effect this may have upon the petitioner's claim against the defendant. Moreover, there is no explicit averment that the plaintiff, Potter Title and Trust Company, was a party to the alleged fraudulent purpose.

Further, the petitioner, to show his status as a creditor, refers to a mechanic's lien filed by him before the entry of the judgment. If he has a valid lien under the Mechanics' Lien Act, this would be prior to the lien of the judgment and would have priority in the distribution of the proceeds of a sheriff's sale; so that the only way in which the issuing of an execution upon it could affect him would seem to be that this might bring about a sheriff's sale at a time when the petitioner does not wish to have it occur. But the record of the mechanic's lien claim to which he refers shows that a motion has been made to strike off that lien for non-compliance with one of the requirements of the statute, which motion was in due course argued before the court in banc several days prior to the presentation of this petition. That motion we think will have to be sustained and the lien stricken off. The effect of this would be to take away the petitioner's status as a lien creditor, and place him in the position of a general creditor of the defendant; but under the Act of 1897 the right to attack as fraudulent a judgment and execution is given to "any creditor", and under that statute the petitioner would appear to have a standing to petition, provided he complies with the conditions which it prescribes as prerequisites, the effect of the act having been declared in Page v. The Williamsport Suspender Co. et al., 191 Pa. 511, 518, to be that it gives a general creditor such standing to question the validity of judgments against his debtor as lien creditors had previously; though, as was held in that case, it is essential that the creditor file the bond which the act prescribed. See also Steinman v. Feldser, 67 Pa. Superior Ct. 58, as to the necessity of a bond. As to the standing of the petitioner as a creditor, see also the Act of May 21, 1921, P. L. 1045, referred to in

684

Schline v. Kine, supra, at page 591. Since, as is there set forth, the Act of 1921 "does not specify a particular course of procedure, that previously existing and any necessary modification thereof, may be adopted." It would therefore appear to be proper, assuming that the Act of 1921 is applicable to the case, that the procedure of the Act of 1897, prescribed for an exactly similar case, be adopted. At all events, neither the Act of 1897 nor that of 1921 provides for the "opening" of the judgment which the petition prays for; and, moreover, as previously indicated, there is no averment that the claim of Potter Title and Trust Company upon this judgment is a dishonest claim, acquired without giving a valuable consideration therefor.

Our conclusion is that the petitioner has not presented such a petition as to entitle himself to have the rule for which he prays granted.

And now, September 26, 1932, upon the record as now presented, the court refuses to grant the rule to open and the stay pending the same which are prayed for by the petitioner, without prejudice to his presenting a new or amended petition, accompanied by a bond such as is specified in the Act of July 9, 1897, P. L. 237.

From Harry D. Hamilton, Washington, Pa.