learned court below granted defendant's motion for a new trial on the grounds that the verdict was against the weight of the evidence and the interests of justice demanded a new trial.

This Court has frequently held that it will not reverse the granting of a new trial in the absence of a palpable abuse of discretion or unless an erroneous rule of law, which necessarily controls the outcome of the case, is certified by the trial judge as the sole reason for his action: *Marko v. Mendelowski*, 313 Pa. 46, 169 A. 99; *Krenitsky v. Kelly*, 309 Pa. 234, 163 A. 450. In the instant case the evidence is in complete conflict. Neither in this conflicting testimony, nor in any part of this record, have we been able to find any settled facts that so strongly support plaintiff's case as to persuade us that the trial court has abused its discretion. That court, having seen and heard the wit-nesses, is better able than is this Court to determine the weight to be given such testimony and, in the absence of evidence more favorable to plaintiff than that contained in this record, we shall not reverse its order.

Order affirmed.

Sheridan, Appellant, *v.* Horn & Hardart Baking Co.

486

Argued November 13, 1950. Before Drew, C. J., Stearne, Jones, Ladner and Chidsey, JJ.

488

*Conrad G. Moffett,* with him *George T. Guarnieri,* for appellant.

*John J. McDevitt, 3rd,* with him *Peter P. Liebert, 3rd,* for appellee.

OPINION PER CURIAM, January 2, 1951:
Order affirmed on the opinion of the learned court below.