**WOLF v. UNITED AIR LINES, Inc.**

No. 3380.

United States District Court
M. D. Pennsylvania.

Oct. 18, 1951.

See also 9 F.R.D. 271.

Walter L. Hill, Jr., and J. Charles Hanahue, of O'Malley, Harris, Harris & Warren, Scranton, Pa., Theodore Wolcott, New York City, Leo Shapiro, Los Angeles, Cal., for plaintiff.

Eugene Nogi, of Nogi, O'Malley & Harris, Scranton, Pa., Owen B. Rhoads, and Arthur E. Newbold, III, of Barnes, Dechert, Price, Myers & Clark, Philadelphia, Pa., for defendant.

WATSON, Chief Judge.

This is an action by Sam Wolf, Executor of the Estate of Beatrice Heischuber, also known as Beryl Wallace, Deceased, against United Air Lines, Inc., under the Pennsylvania Survival Statute, 1937, P.L. 2755, 20 P.S.Pa. c. 3, Appendix, § 772, alleging that plaintiff's decedent while a passenger in an airplane owned and operated by the defendant, was killed in a crash of said airplane at or near Mt. Carmel, Pennsylvania, on June 17, 1948, and claims damages.

The matter now before the court is a motion filed by the plaintiff to permit the use of depositions of certain witnesses previously taken in actions by other persons against this defendant, which arose out of the same airplane crash in which plaintiff's decedent was killed.

The depositions which plaintiff seeks to use were those of witnesses in separate actions brought on behalf of ten persons who were killed in the same airplane crash. Plaintiffs in those cases joined the United Air Lines, Inc. and Douglas Aircraft Co., Inc. as defendants. In order to facilitate the taking and use of depositions in these multiple actions, a stipulation was entered into between the parties to the effect that the depositions taken in any of the above cases could be used in any of the cases wherein both Douglas and United were joined as defendants.

The witnesses whose depositions plaintiff desires to use may be broken down into four groups: (1) Witnesses who saw the airplane prior to and at the time of the crash, (2) Officers and employees of defendant, United Air Lines, Inc., (3) Employees of Douglas Aircraft Co., Inc., the manufacturer of the airplane involved, and (4) Expert witnesses who testified as to matters of a scientific and technical nature.

As to the first group, the witnesses all reside within the jurisdiction of this court and, by way of a subpoena, may be compelled to appear at the trial. The use of their depositions would be clearly improper, and plaintiff, recognizing this fact, no longer presses his motion in that respect.

The plaintiff also does not press his motion as to the use of the depositions of the witnesses in the fourth group, the expert witnesses, for these witnesses will be present at the trial, or their depositions will be taken anew.

As to the second and third groups, to wit, the officers and employees of defendant and the employees of Douglas, plaintiff strongly urges that the use of their depositions be permitted in this action. Plaintiff points out that the depositions were taken in actions arising out of the same accident involving the same defendant. Plaintiff argues that the difference of party plaintiff is not material, the fact being that everyone of the passengers in this airplane, some forty in number, were killed outright, and the facts in possession of defendant, having to do with the operation, maintenance, condition, and flight of this aircraft, would apply equally to every passenger, and therefore the issues in all the actions are one and the same. To require the taking of new depositions, plaintiff maintains, would be repetitious and greatly increase the costs in preparing the trial of the case. Furthermore, plaintiff states that any objection to the introduction of these depositions on the ground of being hearsay is without merit, for defendant was represented by counsel at the taking of all the depositions in question and had the opportunity to cross-examine the deponents.

The rule in Pennsylvania, as well as in many of the federal courts, including the Court of Appeals for the third circuit, is that testimony given in one action is not admissible in a subsequent action unless there is an identity of issues and an identity of parties.[1] The admissibility of such evidence as an exception to the rule, as to being objectionable as hearsay, is permitted where the parties and issues are the same, provided further that the former testimony was given under oath and was subject to right of cross-examination by the adverse party.

A more liberal view is that expressed by Professor Wigmore,[2] and it has recently been adopted by some of the federal courts.[3] This view concerns itself with identity of interest rather than the identity of parties. If the former testimony was given upon such an issue that the party-opponent in that case had the same interest and motive in his cross-examination that the present opponent has then it should be admissible. If the issue, however, was different in any respect it would still be subject to attack on the ground that there was not adequate cross-examination at the time the deposition was made.

It is clear that under the rule requiring identical parties and identical issues the depositions would not be admissible, because not only are the plaintiffs dissimilar, but it is also to be noted that Douglas is not a defendant in this action, whereas it was a party defendant in the actions wherein the depositions were taken.

It is also the opinion of this court that even under the more liberal view, which looks to identity of interests rather than identity of parties, the depositions in question would be inadmissible under the facts and circumstances here present.

The important distinguishing feature in this case is that United Air Lines and Douglas were both defendants of record in the actions in which the depositions in question were taken, and furthermore there was a cross claim by United Air Lines against Douglas in each of the actions. It is apparent from the opinion of Judge Galston in De Vito v. United Air Lines, Inc., and Douglas Aircraft Co., Inc., D.C., E.D., N.Y., 1951, 98 F.Supp. 88, one of the above actions which culminated in a trial,[4] that the issues between defendants, United Air Lines and Douglas, were contested prior to and at the time of the trial, and in some respects appeared to overshadow the primary issue of plaintiff's right to recover.

The depositions in question were taken in that atmosphere and many of the questions were directed toward the issues between United Air Lines and Douglas. The depositions of five of the six Douglas employees involved were taken on behalf of United Air Lines; the other employee's

---

1. Act of 1887, P.L. 158, 28 P.S.Pa. § 327; Walker v. City of Philadelphia, 1900, 195 Pa. 168, 45 A. 657; In re Lewis Estate, 1945, 351 Pa. 576, 41 A.2d 683; Smythe v. Inhabitants of New Providence Township, 3 Cir., 1920, 263 F. 481; Franzen v. E. I. Dupont De Nemours & Co., Inc., 3 Cir., 1944, 146 F.2d 837; Metropolitan St. R. Co. v. Gumby, 2 Cir., 1900, 99 F. 192; U. S. v. Aluminum Co. of America et al., D.C.S.D.N.Y.1938, 1 F.R.D. 48; S. W. Anderson Co. v. Glenn, D.C.W.D.Ky.1942, 43 F.Supp. 334. See also Rule 26(d) (4) of Federal Rules of Civil Procedure, 28 U.S.C.A., and Rule 4020(b) of Pennsylvania Rules of Civil Procedure, 12 P.S.Pa.Appendix, allowing use of depositions where there has been a substitution of parties or where an action has been dismissed and another action involving the same subject is afterward brought between the same parties or their representatives or successors in interest.

2. 5 Wigmore on Evidence, Third Edition, Sect. 1388.

3. Insul-Wool Insulation Corp. v. Home Insulation, Inc., 10 Cir., 1949, 176 F.2d 502; Mid-City Bank & Trust Co. v. Reading Co., D.C.N.J.1944, 3 F.R.D. 320.

4. The jury returned a verdict for the plaintiff against both defendants in the sum of $300,000 but on a motion for new trial the court ordered the plaintiff to file a stipulation agreeing to a reduction in the verdict to $160,000, otherwise a new trial would be granted. The jury found a verdict for Douglas on the cross-claim, but the court granted a new trial on the cross-claim.

**4**

deposition was taken on behalf of Douglas. All of the depositions of the United Air Lines employees involved, except one, were taken on behalf of Douglas; the other employee's disposition was taken on behalf of one of the plaintiffs in those actions.

Though many of the depositions were probably relevant to the question of defendant's liability to the plaintiff in this action, under the prevailing circumstances the interest and motive of United Air Lines in its direct and cross-examination of deponents may very well not have been the same at that time as it is now in an action in which Douglas is not a party.

■ This court finds that under the circumstances the issues, as well as the parties, in the actions wherein the depositions were taken are not identical with those present in the instant case, and therefore the depositions in question should not be used in this action.

The court is aware of the great expense and the delay incident to taking depositions anew, but to allow the use of the depositions as requested by plaintiff would be unduly prejudicial to the defendant in its right to a fair trial.

An appropriate order denying plaintiff's motion has been filed.