Neale, Appellant, *v.* American Motorists Fire Insurance Company.

Submitted November 19, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Ward McCullough* and *McCullough & House,* for appellant.

*W. Davis Graham,* for appellee.

OPINION BY RHODES, P. J., January 21, 1958:

Plaintiff brought an action of assumpsit to recover on a policy of insurance issued by defendants covering damage by fire to plaintiff's Ford truck. Defendants' amended answer set up a release signed by the plaintiff. After reciting the issuance of the policy, the loss by fire, and the actual damage, the release contained the following:

"Now, therefore, in consideration of the matters related herein, it is agreed as follows:

"1. The Insured does hereby release and discharge the Insurer of and from any and all claims and demands under the said policy resulting from the occurrence of the loss above described;

"2. B. The Insured hereby acknowledges repair or replacement of the loss and damage to the Insured's entire satisfaction and agrees that the payment of the sum of—Five Hundred Fifty and 23/100 Dollars, ($550.23), by the Insurer to Kittanning Ford Sales Inc., the person or firm making the repair or replacement, shall constitute a full performance of the obligation of the Insurer under its said policy; . . . ."

The proof of loss submitted and signed by plaintiff also listed "actual damage" as $550.23. Plaintiff's reply alleged that at the time the release was signed defendants stated that "$550.23 would fully repair the damage done to her truck," and that they "would fully repair the damage caused by the fire to her said truck." Plaintiff also averred that these promises and representations by defendants were false and fraudulent; that they rendered the release signed by her invalid; and that the truck, as repaired, was useless except for junk. Plaintiff claimed recovery for the value of the truck of $2,250 with interest. After argument the court below entered judgment on the pleadings for defendants. The matter is before us on plaintiff's appeal, which does not require a review of the lengthy prior proceedings.

Plaintiff contends that her allegations of fraudulent misrepresentations in the signing of the release raised factual issues requiring submission to a jury, and that consequently the court below erred in entering judgment on the pleadings for defendants. It is apparent that plaintiff's allegations of fraud were insufficient as a matter of law to warrant setting aside the release signed by her. "In order to void a contract allegedly induced by fraud, it must be shown that there was a misrepresentation of a past or existing material fact which induced the acceptance of the contract. A promise to do something in the future, which promise is not kept, is not fraud. Sellers v. Sellers, 316 Pa. 404, 175 A. 401; First National Bank of Hooversville v. Sagerson, 283 Pa. 406, 129 A. 333." *Blose v. Martens,* 173 Pa. Superior Ct. 122, 123, 95 A. 2d 340. See, also, *Nissenbaum v. Farley,* 380 Pa. 257, 264, 110 A. 2d 230. While summary judgment should only be entered on the pleadings in a case clear of doubt, the alleged fraud in the present case amounts

to no more than a promise to do something in the future, and plaintiff's allegations were not sufficient to avoid the release on this ground.

The case of *Lucas v. Gibson,* 341 Pa. 427, 19 A. 2d 395, relied on by plaintiff, is distinguishable. There a release, signed by a hospital patient's mark, was left blank as to the amount. It was held that such release, being incomplete on its face, was subject to oral explanation as to amount and subject matter.

Although, as the court below points out, under plaintiff's allegations the garage repair estimate was not attached to the release when she signed the latter, this fact does not prevent judgment for defendants on the pleadings as the release was complete on its face without the detailed estimate which confirmed the release as to the amount of the repairs.

In concluding that plaintiff was not entitled to any recovery, the court below, in an opinion by President Judge GRAFF, conclusively said: "The plaintiff has knowingly signed a written instrument releasing and discharging the insurer from all claims and demands under the policy of insurance, upon condition that the insurer pay a definite sum to an indicated repairman, and this sum was paid. Plaintiff has definitely agreed that such payment should constitute a full performance of the obligation of the insurer under the policy."

Judgment is affirmed.