## Haagen *v.* Patton, Appellant.

Argued June 15, 1960. Before RHODES, P. J., GUN-
THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-
GOMERY, JJ.

*Marshall M. Cohen,* for appellant.

*Robert L. Pfannebecker,* with him *Jacques H. Geisenberger,* and *Jacques H. Geisenberger, Jr.,* for appellee.

OPINION BY WRIGHT, J., September 16, 1960:

This matter had its inception in an assumpsit action instituted before an alderman in Lancaster County. The plaintiffs, Alexander Haagen and Charlotte Haagen, co-partners doing business as Associated Advertisers, successors to U. S. Buyers' Report, Inc., sought to recover from Russell A. Patton the sum of $275.00, plus a reasonable attorney's fee, alleged to be due under a written "Service Agreement". The alderman entered judgment for the plaintiffs. Upon appeal to the court of common pleas, arbitrators were appointed who also found for the plaintiffs. Following an appeal from the award of the arbitrators, the case was tried before President Judge WISSLER and a jury. At the direction of the court, the jury returned a verdict for the plaintiffs. Upon defendant's motion, a rule was issued to show cause why a new trial should not be granted. This rule was subsequently discharged, and judgment was entered on the verdict. The defendant has appealed.

The agreement signed by appellant on June 26, 1956, and accepted by plaintiffs on June 27, 1956, appears in the form of a letter addressed to U. S. Buyers' Reports, Inc., and is set forth in the footnote.[1] Appellant de-

---

[1] "1. Please send me the next four monthly issues of the edition of U. S. Buyers' Report which I have initialed: Business— Retail & Service. . .

fended on the ground that the agreement actually negotiated had attached thereto a written addendum in his own handwriting stating that a sale must be consummated by August 15, 1956. The plaintiffs denied that there was any such addendum. The lower court rejected appellant's offer to prove the contents of the purported addendum by his oral testimony.

"2. Send me also the same edition of your current U. S. Buyers' Report together with notification of your acceptance of this Agreement.

"3. I understand that through national advertising you obtain the names of prospective buyers of businesses and properties that appear in the Report. I will keep the information in this Report confidential. You shall also send to me one thousand (1000) sales presentation letters which I may use to contact prospective buyers. These letters shall be composed by you from the information I have set forth on the accompanying survey sheet. You shall send me a proof of this proposed letter not later than two weeks following your acceptance of this Agreement. I shall return the proof immediately, with whatever changes I desire. You shall send me the completed letters and one thousand (1000) unstamped envelopes in bulk, prepaid, within thirty (30) days after I have returned the approved proofs to you. If you have not received the approved proof within ten (10) days after you mail it to me, you may assume that I have approved it.

"4. I understand that you are not a broker and that you do not participate in any commission upon the sale of my business or property.

"5. I will pay you Two Hundred Seventy Five ($275.00) Dollars for this service at Los Angeles, California, forty-five (45) days after your acceptance of this Agreement. You do not guarantee that I shall sell, lease or exchange my business or property. If you commence legal action hereon, I will pay, in addition, a reasonable attorney's fee.

"6. This Agreement shall become effective only when you accept it at your office in Los Angeles, California. You shall notify me of such acceptance by letter.

"7. This Agreement contains the entire understanding between us and no representation or inducement has been made that is not set forth herein. I acknowledge receipt of a copy of this Agreement".

Appellant's statement of the questions involved on this appeal is as follows: "1. Where a written contract for the sale of a business is entered into, which said contract has no provision as to its duration, can the owner prove that simultaneous with the signing of the contract he added, by mutual consent, a written Addendum which he attached to the contract averring that the sale must be completed by a certain date or be null and void? 2. Where a verdict in the Court below, if allowed to stand, would result in a swindle, can the Appellate Court reverse the lower Court on the grounds of public policy although the question wasn't raised in the Court below".

(1) Notwithstanding appellant's assertion, the service agreement under consideration was not a "contract for the sale of a business". Paragraphs 4 and 5 thereof expressly indicate the contrary. Appellant proposed to testify that the exhibit offered in evidence was not the entire contract because it did not contain the purported addendum. This proposal flatly contradicted paragraph 7 of the agreement. Furthermore, appellant made no effort to account for the non-production of the addendum. He did not possess a copy, did not seek production of the original, and did not attempt to subpoena the agent of plaintiffs to whom he allegedly gave possession thereof. Not only did plaintiffs' witness testify that there was no such addendum, but also the exhibit in the record, which appellant admittedly signed, gives no indication that any other writing had been attached thereto. In 14 P. L. E., Evidence, section 111, discussing the best evidence rule, it is said: "Under it, when the contents of a document are in issue, the document itself is the primary evidence, and all other evidence is secondary, and secondary evidence of the contents of the document cannot be introduced into evidence unless the absence of the original has been accounted for".

It is true, as asserted in appellant's brief, that if a contract is silent as to its term of duration, parol evidence is admissible to show the surrounding circumstances in order to ascertain the intention of the parties. See *Rosenfeld v. Rosenfeld,* 390 Pa. 39, 133 A. 2d 829; *Fessman Estate,* 386 Pa. 447, 126 A. 2d 676. However, we are in accord with the position of the court below that "the contract or Service Agreement in the instant case does specify a duration of time by stating that plaintiffs were to send the completed letters, etc., 'within thirty (30) days' after defendant had returned the approved proofs to plaintiffs. According to the testimony defendant returned the approved proofs on July 14, 1956 and completed letters and 1000 unstamped envelopes were mailed by plaintiffs to defendant on August 2, 1956".

Whether a writing is the entire contract between the parties so that the parol evidence rule applies, is a question of law for the court: *Walker v. Saricks,* 360 Pa. 594, 63 A. 2d 9; *O'Brien v. O'Brien,* 362 Pa. 66, 66 A. 2d 309; *Keleher v. LaSalle College,* 394 Pa. 545, 147 A. 2d 835. Where a contract is couched in such terms as to import a complete legal obligation without any uncertainty as to its object or extent, it is conclusively presumed to be the whole engagement of the parties: *Berardini v. Kay,* 326 Pa. 481, 192 A. 882. "We have repeatedly said and we reiterate that we intend to uphold the integrity of written instruments and will not permit the Parol Evidence Rule to be circumvented or undermined": *Furjanick Estate,* 375 Pa. 484, 100 A. 2d 85.

(2) The validity of the agreement was not questioned in the trial court. As a general rule, the appellate court will refuse to consider matters which were not raised in the court below. See *Mullooly v. Short,* 365 Pa. 141, 74 A. 2d 136; *Woldow v. Dever,*

374 Pa. 370, 97 A. 2d 777; *Guerra v. Galatic,* 185 Pa. Superior Ct. 385, 137 A. 2d 866. However, this rule does not apply where questions of jurisdiction or public policy are involved: *Muse-Art Corp. v. Philadelphia,* 373 Pa. 329, 95 A. 2d 542; *Schline v. Kine,* 301 Pa. 586, 152 A. 845. Appellant "exhorts" us to read an article, not in the record, which appeared under the title "Beware the Advance-Fee Racket" in a recent issue of the Saturday Evening Post. "Counsel cannot go beyond the record . . . but must have in the record all matter necessary to constitute a proper assignment of error": *Spitzer v. Philadelphia Transportation Co.,* 348 Pa. 548, 36 A. 2d 503. In *Sheridan v. Horn & Hardart Baking Co.,* 366 Pa. 485, 77 A. 2d 362, counsel attached to his brief a brochure not in the record. The Supreme Court approved a statement by President Judge (now Mr. Justice) Bok that "it is gratuitous, since it is not in evidence, and must be disregarded".

Appellant relies on *Chester School District's Audit,* 301 Pa. 203, 151 A. 801, and *Tragesser v. Cooper,* 313 Pa. 10, 169 A. 376, both of which involved public policy as set forth by statutory enactment. Appellant also cites *Waychoff v. Waychoff,* 309 Pa. 300, 163 A. 670, which struck down a partnership agreement providing that laymen were to receive from a lawyer a portion of his fees in consideration of procuring litigation. These cases do not control the present appeal. There is here no statutory injunction concerning public policy, and no violation of the canons of ethics. The agreement on its face is perfectly valid.

Judgment affirmed.