First Pennsylvania Banking and Trust
Company, Appellant, *v.* McNally.

Argued December 11, 1962. Before RHODES, P. J.,
ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Richard A. Powers, 3rd,* with him *Leo Francis Doyle,* for appellant.

*Lee B. Sacks,* with him *Samuel I. Sacks,* for appellees.

OPINION BY MONTGOMERY, J., March 19, 1963:

This is an appeal from the opening of a confessed judgment on an installment contract for the purchase of a garbage disposal unit. Appellees entered into the contract on March 12, 1960, with Eastern Rinse Away which assigned it to appellant for value on March 21, 1960. Appellees were notified of the assignment and thereafter made payment of two installments due under the contract before seeking to have the judgment opened. The contract contained a waiver of defense clause, in addition to the warrant of attorney to confess judgment.

In their petition to open the judgment appellees assigned two reasons, viz.: (a) ". . . the note was fraudulently obtained by one Thaw or Mamorella" and (b) ". . . said Thaw or Mamorella are currently under indictment for this and similar fraudulent activities." No facts are alleged in the petition to indicate in what manner the fraud had been perpetrated. In referring to the depositions taken in support of the petition, we are still at a loss to find facts constituting fraud. The strongest contention made by appellees in their deposi-

tions is that the salesman promised that if they were not satisfied with the appliance they could return it at the end of six weeks, which promise was omitted from the written contract signed by them. This does not constitute fraud. A promise to do something in the future, which promise is not kept, is not fraud. *Neale v. American Motorists Fire Insurance Company,* 185 Pa. Superior Ct. 60, 138 A. 2d 290.

Since there is no evidence of fraud, accident, or mistake, the written agreement on which this judgment was entered must be conclusively presumed to be the whole agreement of the parties and cannot be varied by parol testimony. *Haagen v. Patton,* 193 Pa. Superior Ct. 186, 164 A. 2d 33. Therefore, we are constrained to rule that the lower court abused its discretion in ordering the judgment regularly entered thereon opened.

It was clearly error for the lower court to order the depositions taken in the *Cassell* case to be made part of the record in the present case. Aside from the fact that testimony given in one action is not admissible in another action unless there is an identity of issues and an identity of parties, *Lewis Estate,* 351 Pa. 576, 41 A. 2d 683; *Kyper v. Sheaffer,* 42 Pa. Superior Ct. 277; Pa. R. C. P. 4020(b), the lower court no longer had any authority over this record at the time it made such order on September 18, 1962. At that time it was under the jurisdiction of this Court, having been received here by virtue of our certiorari filed August 16, 1962.

The reference to the criminal proceedings, pending against the salesman with whom appellees dealt, adds nothing to the case. As in the case of the depositions, there was no identity of the parties or subject matter. Furthermore, the salesmen were found not guilty of fraudulent practices.

Order reversed and judgment reinstated.

Wright, J., would affirm on the opinion of the lower court.