## Keyes v. Taylor

*J. Graham Andes*, for petitioners.
*John B. Talierco*, for respondents.

GAWTHROP, *J.*, October 11, 1979—We have before us a petition for declaratory judgment by which petitioners, Emily D. Keyes and Erma D. Keyes, seek a judicial declaration creating a settlement term in a contract for sale of real estate entered into by them with respondents, John G. Taylor and Doris L. Taylor. Two issues are here raised: (1) whether the contract for sale of real estate (hereinafter the agreement), which states no time in which respondents must come to settlement, is by its terms infinite in duration and incapable of termination; and (2) whether the law implies a reasonable time in which respondents must come to settlement when the agreement is silent on the question.

## FACTS

The agreement entered into by the parties on February 27, 1970, provided that petitioners (hereinafter sellers) sold to respondents (hereinafter buyers) land and a home for $45,000, to be paid as follows: $2,500 as a down payment, and the remainder in installments of $250 per month, ". . . until the full balance shall have been paid together with interest at the rate of 7% per annum on all unpaid balances." Further, buyers were to pay $30 per month on account of taxes, and for the insurance on the property. The agreement, although making no provision for a specific settlement date, does progide that buyers agree "to purchase the . . . premises . . . for the sum or price above-mentioned and to pay and settle for the same in the way and manner and at the time and place above set forth." At the time of signing this agreement, sellers be-

lieved that a settlement date would later be agreed upon by the parties and would be made a part of the agreement. The agreement, however, was not conditioned on a settlement date being reached. Buyers, while aware that sellers desired a settlement term in the agreement, were not in a position at the time of its execution to agree to such a term, nor did they understand the agreement to be contingent thereon.

Sellers, who have made several demands on buyers to come to settlement which have been refused, now seek to have this court imply a reasonable time for settlement.

## 1. DURATION OF THE CONTRACT

Among other reasons asserted for our acceding to their request, sellers have claimed that the present agreement is infinite in duration because the amount owed by buyers has increased since the beginning of the contract term and will continue so to do. For that reason, they argue that the contract can never be fully performed, and the court should provide for its termination, citing Whitehead's Estate (No. 1), 260 Pa. 22, 103 Atl. 502 (1918).

We note, however, that sellers' allegation of the contract's infinity must fail. In fact, they miscalculated. They included the taxes and insurance payments in the balance due and subject to the seven percent interest rate although the agreement did not provide for such a combined computation. Nor did it provide that the latter amounts were subject to seven percent interest. We believe their inclusion in sellers' calculations was incorrect, creating the erroneous impression of unending liability.

Rather, we accept the computer print-out prepared by the Finance Publishing Co., submitted by

buyers, which shows the duration of the contract to be 68 years and eight months if performed in accordance with the present terms of the contract.

## 2. POWER OF THE COURT TO IMPLY A SETTLEMENT TERM

The agreement, which appears to call for payment over an extended period, with title to vest in buyers after full payment has been made, is silent as to settlement other than by the monthly payments of $250. Although both parties hoped that a definite settlement date could be agreed upon in the future, we do not find that they intended or agreed that such a date was to be part of this agreement. Cf. Potts Mfg. Co. v. Loffredo, 96 Dauph. 413 (1974), aff'd, 235 Pa. Superior Ct. 294, 340 A. 2d 468 (1975); Bogojavlensky v. Logan, 181 Pa. Superior Ct. 312, 124 A. 2d 412 (1956).

When the terms of an agreement are in dispute, the court's function is to determine the intentions of the parties from the language of their agreement: Fogel Refrigerator Co. v. Oteri, 391 Pa. 188, 137 A. 2d 225 (1958). In this case, the language is unambiguous as to payment and settlement. Although sellers take the position that this did not constitute the entire agreement, we cannot agree: the testimony, presented by deposition, shows that although both parties understood that there was some difficulty concerning the settlement date, which they hoped to resolve in the future, they did not in fact agree that this contract was contingent on such a resolution.

That sellers believed a settlement term would be made a part of the contract was a unilateral mistake, not the fault of buyers, affording no basis for

rescission or reformation. See Thrasher v. Rothrock, 377 Pa. 562, 105 A. 2d 600 (1954); McFadden v. American Oil Co., 215 Pa. Superior Ct. 44, 257 A. 2d 283 (1969). The cases cited by sellers compel no different conclusion. For example, in Field v. Golden Triangle Broadcasting, winc., 451 Pa. 410, 305 A. 2d 689 (1973), the facts established that both parties necessarily contemplated a closing date. See also Sachan v. Swope, 357 Pa. 16, 53 A. 2d 116 (1947); Marshall Construction Co. v. Forsythe, 359 Pa. 8, 57 A. 2d 902 (1948); Whitehead's Estate, supra. Here, we cannot so find. The most that can be said here is that both parties hoped at some later point to be able to agree on a settlement date. That such expectations have not been met does not give this court the power to rewrite their agreement and to insert the nonexistent term: Melhorn v. Melhorn, 74 York 181 (1961).

Sellers' petition has alleged no misrepresentations by buyers, nor do we find any. A promise to do something in the future which is not kept, even were we to find such a promise, will not invalidate an agreement: Neale v. American Motorists Fire Insurance Co., 185 Pa. Superior Ct. 60, 138 A. 2d 290 (1958). Although sellers are unhappy with the agreement they reached with buyers, we find the writing at issue here to contain all of the terms agreed to between the parties, and accordingly, we enter the following

## ORDER

And now, October 11, 1979, the petition for declaratory judgment is hereby denied and dismissed.